IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

HANK ARKULARI,

                    Plaintiff,

          vs.

STATE OF NEBRASKA PUBLIC
DEFENDER'S OFFICE, and CARLOS
MONZON, Attorney;

                    Defendants.

8:22CV392

MEMORANDUM AND ORDER

Plaintiff Hank Arkulari filed a Complaint on November 14, 2022.  Filing No. 1.  He has been given leave to proceed in forma pauperis.  Filing No. 8.  The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.  For purposes of this initial review, the Complaint includes Plaintiff's two supplements.  Filing No. 9; Filing No. 12.  See NECivR 15.1(b).

## I. SUMMARY OF COMPLAINT

Plaintiff sues the State of Nebraska Public Defenders Office ("Public Defender") and attorney Carlos Monzón ("Monzón") for violations of his civil rights under 42 U.S.C. § 1983.  Plaintiff alleges Monzón was appointed to represent him in a criminal case in the Lancaster County District Court because the Public Defender had a conflict of interest.  Plaintiff and Monzón did not "see eye to eye," and Plaintiff told the state district court judge that he felt Monzón "was not going to give me his best chance to a fair trial." Filing No. 1 at 12.  Monzón moved to withdraw from the representation, but the state district court judge denied his motion.  Filing No. 9 at 2.  Plaintiff alleges Monzón held a

grudge after that, did not defend him properly, and pressured him into a plea deal.  At Plaintiff's sentencing on August 23, 2022, Monzón allegedly disclosed Plaintiff's confidential communications to the court about conduct unrelated to the charges for which Plaintiff was being sentenced and asked the state district court judge to run Plaintiff's sentences consecutive.  *Id*.  Due to Monzón's actions, Plaintiff alleges he received "a harsh sentence and lost [his] bond money" and suffers from post-traumatic stress disorder.  Filing No. 1 at 5.

As relief, Plaintiff asks "for a fair trial and [his] bond money back," for an investigation of Monzón's actions, and damages.  Filing No. 1 at 5; Filing No. 9 at 1.

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

2

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988);  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION

Plaintiff's claims against Monzón and the Public Defender cannot proceed under 42 U.S.C. § 1983.  As stated above, 42 U.S.C. § 1983 specifically provides a cause of action against a person who, under color of state law, violates another's federal rights. *West*, 487 U.S. at 48.  "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981).  Indeed, when a public defender represents an indigent defendant in a state criminal proceeding, he is "not acting on behalf of the State; he is the State's adversary." *Id.* at 322 n.13.  While a § 1983 claim may be brought against a public defender, or any other private individual, if

he or she conspires with a state actor to deprive an individual of a federally-protected right, *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988), the Complaint's allegations in no way suggest a plausible conspiracy claim between Monzón and a state actor. Accordingly, the Court concludes Plaintiff's Complaint fails to state a claim for which relief may be granted against Monzón and the Public Defender. The Court finds leave to amend is not warranted because, as explained below, Plaintiff's claims run afoul of *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–87; *see also Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486–87.

Here, the Complaint's allegations demonstrate that the *Heck* bar is properly invoked. Plaintiff essentially claims that he received ineffective assistance of counsel when he was sentenced in the Lancaster County District Court. If successful, Plaintiff's claims necessarily implicate the validity of his conviction and current confinement. Therefore, to the extent judgment in favor of Plaintiff on any of his claims would render his criminal conviction invalid, his claims for relief are barred by *Heck v. Humphrey*.[1] *See Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (indicating that, under *Heck*,

---

[1] For the sake of completeness, the Court notes that Plaintiff filed a petition for writ of habeas corpus in Case No. 8:22CV395, which the Court dismissed without prejudice on April 21, 2023, for failure to exhaust available state postconviction remedies. *See* Filing No. 9, Case No. 8:22CV395.

court disregards form of relief sought and instead looks to essence of plaintiff's claims); *Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002) (*Heck* applies to claims for damages, as well as to claims for injunctive relief that necessarily would imply the invalidity of plaintiff's conviction); *Lawson v. Engleman*, 67 Fed. Appx. 524, 526 n. 2 (10th Cir. 2003) (*Heck* applied to plaintiff's claims for monetary, declaratory, and injunctive relief; *Heck* should apply when the concerns underlying *Heck* exist).

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and is subject to preservice dismissal under 28 U.S.C. §§ 1915(e) and 1915A.  The Court will not grant Plaintiff leave to amend as such amendment would be futile as Plaintiff's claims are *Heck*-barred.

IT IS THEREFORE ORDERED that this matter is dismissed without prejudice. The Court will enter judgment by a separate document.

Dated this 1st day of August, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge